UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| SEAN MIKEL HENRY,<br><br>Plaintiff,<br><br>vs.<br><br>BALFOUR BEATTY COMMUNITIES,<br><br>Defendant. | **CIV. NO. 5:24-5075-LLP**<br><br>**MEMORANDUM OPINION AND ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DENYING MOTION TO APPOINT COUNSEL** |

Pending before the Court is a Motion for Leave to Proceed in Forma Pauperis (Doc. 3), and Motion to Appoint Counsel (Doc. 4) filed by pro se plaintiff Sean Mikel Henry ("Mr. Henry"). For the following reasons, Mr. Henry's Motion for Leave to Proceed in Forma Pauperis and Motion to Appoint Counsel are denied without prejudice.

## BACKGROUND

On October 3, 2024, Plaintiff Sean Mikel Henry filed a lawsuit against Balfour Beatty Communities. The Court's jurisdiction in this matter is premised on federal question jurisdiction. Plaintiff alleges violations of the Americans with Disabilities Act of 1990 and Title VII of the Civil Rights Act of 1964.

The Court's jurisdiction in this matter might also be premised on diversity of citizenship, but the Court need not resolve that issue at this stage. Plaintiff alleges that he is a resident of Mead county, South Dakota and that Defendant Balfour is headquartered in Malvern, Pennsylvania with a location in Mead county. (Doc. 1). Mr. Henry seeks a judgment of $500,000 for both punitive and actual damages to "repay [his] physical, mental, and emotional damages" (earlier described as "personal, financial, mental, and emotional damages suffered . . . during and after the termination of my employment with [Balfour]") and "to cause them to internally review the source of this failure to adhere to personal and federal policy." (Doc. 1).

In his Complaint, Mr. Henry alleges that in May 2023 he began experiencing harassment from coworkers employed by Balfour at Ellsworth Airforce Base, specifically a manager (Tim), a coworker (Sylvia), the work order administrator (Amber), and facility manager (Dennis).

Mr. Henry alleges that Amber's scheduling decisions with respect to work orders unfairly discriminated against Mr. Henry by adding new work orders to Mr. Henry's schedule while not scheduling work orders that had been started and needed to be finished. Mr. Henry alleges Amber showed favoritism toward Sylvia who "would get . . . easier, faster orders to complete."

Mr. Henry alleges that Dennis did not provide meaningful guidance and that the "only person who would try to help clarify my job and answer my questions was the Community Manager (Katie)."

Mr. Henry alleges that in June 2023, he was injured on duty; dishwasher cleaning fluid got in his eye and he went to the emergency room. Mr. Henry alleges that following this incident, another coworker (Shawn) confronted Mr. Henry with a negative attitude and questioning that escalated into a dare to engage in a physical fight outside. Mr. Henry alleges reporting this incident to Katie.

Mr. Henry alleges that Amber "was spreading rumors that we would lose our bonus because I 'wasn't doing my job properly.'"

Mr. Henry alleges that another coworker (Tim) began blaming Mr. Henry and verbally harassed him for reporting Shawn's behavior to Katie. He alleges repeated confrontations with Tim, including 4-6 incidents of retaliation.

Mr. Henry alleges at least one incident of harassment from Sylvia.

Mr. Henry alleges "deep-rooted cultural problems within [Balfour] by Dennis and other high(er) levels of supervision" that Katie tried to help Mr. Henry deal with.

Mr. Henry alleges that on December 4, he was informed by human resources (Johnathan) and Regional Manager (Chad) that Balfour had decided to assign Tim to be his supervisor and gave him an "ultimatum to either accept returning to work under the direct supervision of Tim or be fired."

Mr. Henry alleges that since his time with Balfour, he has had increased documented visits to the emergency room and urgent care due to the stress and anxiety that working at Balfour has caused him, including flare up of gastritis and IBS and severe stomach pain, nausea, and cramping, which Mr. Henry alleges can lead to stomach bleeding and other worsening medical issues. Mr. Henry alleges that he has had this chronic condition his whole adult life.

Mr. Henry alleges that Balfour has violated "federal policies for harassment, unlawful retaliation, and discrimination." Mr. Henry alleges that the retaliation he faced for reporting toxic behavior(s) of coworkers and managers was the result of ablism related to his medical condition as well as his "personal work ethic and love for the military community." Mr. Henry alleges that his need for recuperation was repeatedly disregarded and mocked by upper management and HR.

Mr. Henry has filed a Motion to Proceed in Forma Pauperis and a Motion to Appoint Counsel which are presently pending before the Court. The Court will address each motion in turn.

## MOTIONS BEFORE THE COURT

### I.    Application to Proceed in Forma Pauperis

This Court may authorize the commencement of suit without prepayment of fees when an applicant files an affidavit stating she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915. Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the court's discretion. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000) (citation omitted).

Mr. Henry's affidavit states that he is "unable to pay the costs of these proceedings." (Doc. 3.) His other filing adds that he is "unable to pay a reasonable attorney fee." (Doc. 4) While pursuing this litigation, and in particular, the cost of hiring an attorney, may pose a financial burden on Mr. Henry, the facts provided in his application to proceed *in forma pauperis* do not amount to a showing of poverty sufficient to convince the Court that filing fees should be waived at this stage. In turn, the Court DENIES Mr. Henry's request to proceed *in forma pauperis*.

## II.    Motion to Appoint Counsel

Mr. Henry also moves the Court to appoint counsel. (Doc. 4). "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (citing *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985)). "In civil rights matters the court *may* pursuant to 28 U.S.C. § 1915 request an attorney to represent a party if, within the court's discretion, the circumstances are such that would properly justify such a request." *Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir. 1982) (internal quotations and citation omitted).

In determining whether to appoint counsel to a pro se litigant's civil case, the district court considers the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the indigent's ability to present his claim. *Stevens*, 146 F.3d at 546 (citation omitted). The facts of Mr. Henry's claims are not complex and at this stage in the proceedings, the Court does not deem it necessary to appoint counsel. Accordingly, Mr. Henry's motion to appoint counsel is DENIED.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's Motion to for Leave to Proceed in forma pauperis (Doc. 3) is DENIED;

2. Plaintiff's Motion to Appoint Counsel (Doc. 4) is DENIED; and

3. Plaintiff has 30 days from the date of this Order to pay the civil complaint filing fee of $405 to maintain this action.

Dated this 10th day of December, 2024

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

4